UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JIAN ZHONG CHEN and KE XI DUAN,

                              Plaintiffs,

                      v.

JP STANDARD CONSTRUCTION CORP. and
JIM CHEN,

                              Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
14-CV-1086 (MKB) (RLM)

MARGO K. BRODIE, United States District Judge:

On February 20, 2014, Plaintiffs Jian Zhong Chen and Ke Xi Duan commenced the above-captioned action against Defendants JP Standard Construction Corp. and Jim Chen, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, N.Y. Lab. Law § 190 *et seq.* ("NYLL"). (Compl., Docket Entry No. 1.) Although served with the summons and Complaint,[1] (Docket Entry Nos. 4, 5), Defendants failed to appear in this action. Plaintiffs sought and obtained the entry of default against JP Standard Construction Corp. and Jim Chen. (Docket Entry No. 7.) Plaintiffs subsequently moved for a default judgment. (Mot. for Default J., Docket Entry No. 15.) On October 5, 2015, the Court referred this matter to Magistrate Judge Roanne L. Mann for a report and recommendation. (Order dated October 5, 2015.)

---

[1] While Plaintiffs did not timely serve Defendants, Judge Mann excused Plaintiffs' "tardy service" given "the lack of objection by [D]efendants, as well as [P]laintiffs' asserted good faith attempts to serve and the absence of prejudice to [D]efendants." (R&R 3–4 n.3 (citing *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007))).

By report and recommendation dated March 18, 2016 (the "R&R"), Judge Mann recommended that the Court grant Plaintiffs' motion for a default judgment against Defendants in the amount of $20,197.56, as follows: (1) in favor of Chen in the amount of $6807.60, consisting of $1003.80 in overtime wages, $1200 in unpaid wages, $2203.80 in liquidated damages pursuant to FLSA, and $2400 for failure to provide various wage notices pursuant to NYLL; (2) in favor of Duan in the amount of $6554.96, consisting of $1452.48 in overtime wages, $1000 in unpaid wages, $2452.48 in liquidated damages pursuant to FLSA, and $1650 for failure to provide various wage notices pursuant to NYLL; (3) attorneys' fees in the amount of $6390.00; and (4) costs of $445.00. (R&R 31, 38–39.) Judge Mann also recommended that the Court award prejudgment interest to Chen at the rate of nine percent from February 5, 2014 through the date of judgment on $1200 of Chen's damages, and that the Court award prejudgment interest to Duan at the rate of nine percent from January 4, 2014 through the date of judgment on $1000 of Duan's damages. (R&R 38–39.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[F]ailure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Eustache v. Home Depot U.S.A., Inc.*, 621 F. App'x 86, 87 (2d Cir. 2015) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile,*

*P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Mann's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs' motion for a default judgment against Defendants JP Standard Construction Corp. and Jim Chen is granted. The Clerk of Court is directed to enter judgments in the amounts set forth above and to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 12, 2016
       Brooklyn, New York